## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LANARION NORWOOD,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

Criminal Action No.
1:20-cr-0488-SDG-JSA-3

Civil Action No.
1:23-cv-04882-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Justin S. Anand [ECF 196], which recommends that Movant Lanarion Norwood's 28 U.S.C. § 2255 motion to vacate a conviction and/or sentence [ECF 181] be denied. The Government has moved to dismiss Norwood's motion [ECF 186]. Norwood filed objections to the R&R [ECF 204]. After a careful review of the record, undersigned **ADOPTS** the R&R, **GRANTS** the Government's motion to dismiss, **DENIES** Norwood's § 2255 motion, and **DENIES** Norwood a certificate of appealability.

## I.    Background

On December 9, 2020, a federal grand jury in the Northern District of Georgia indicted Norwood and two co-defendants on five counts related to

various drug and firearms offenses.[1] Norwood himself was indicted on four counts: Count One (conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846); Count Three (attempting to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846); Count Four (possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)); and Count Five (possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1)).[2] On February 22, 2022, Norwood entered a non-negotiated guilty plea to Count Five.[3]

On February 28, Norwood also entered a negotiated guilty plea in Case No. 1:22-cr-0064-SDG—a separate criminal case arising from the same events—to possession with the intent to distribute cocaine and possession of a firearm in connection with a drug trafficking crime.[4] In exchange, the government dismissed the remaining counts against Norwood in this case.[5] The Court sentenced

---

[1]    ECF 1.

[2]    *Id.*

[3]    ECF 125-1.

[4]    Case No. 1:22-cr-0064-SDG, ECF 4-1.

[5]    *Id.*

Norwood to an aggregate 180 months of incarceration for the combined convictions.[6]

Norwood's § 2255 motion challenges his conviction on Count Five in this case. Norwood raises a single claim that his conviction for being a felon in possession of a firearm under § 922(g)(1) is unconstitutional because it infringes on his Second Amendment right to bear arms.

The R&R concluded that Norwood's claim is foreclosed by binding Eleventh Circuit caselaw. Applying the Eleventh Circuit's recent decision in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), the R&R noted that *Dubois* expressly rejected the same argument Norwood makes here: that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), abrogated the Eleventh Circuit's decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), upholding the constitutionality of § 922(g)(1) in the face of a Second Amendment challenge. Accordingly, the R&R concluded that Norwood is not entitled to relief under § 2255 and recommends that his motion be denied.

## II.    Applicable Legal Standards

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections specifically identifying the portions of the proposed findings and recommendations to which an objection is made and

---

[6]    Case No. 1:20-cr-0488-SDG-JSA-3, ECF 164.

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. The district court may consider or decline to consider an argument that was never presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## III.    Discussion

In his objections, Norwood first restates his argument that the Supreme Court's opinion in *Bruen* abrogated the Eleventh Circuit's holding in *Rozier*. However, as the R&R aptly noted, the Eleventh Circuit clearly and specifically rejected that argument in *Dubois*. 94 F.4th at 1293. To the degree that Norwood

4

contends that *Dubois* was wrongly decided, this Court is bound to follow the Eleventh Circuit's decision until it is overruled by the Eleventh Circuit *en banc* or by the Supreme Court. *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Norwood's second argument—that § 922(g)(1) is unconstitutional as applied to him—is equally unavailing because he merely repeats the arguments he made in his original § 2255 motion without making any attempt to show how Judge Anand erred. *See Schultz*, 565 F.3d at 1361 ("Frivolous, conclusive, or general objections need not be considered by the district court."). As noted in the R&R, Norwood has pointed to no caselaw or other authority that supports his as-applied challenge, whereas in *Rozier*—which was specifically reaffirmed in *Dubois*—the Eleventh Circuit held that "statutes disqualifying felons from possessing a firearm *under any and all circumstances* do not offend the Second Amendment." *Rozier*, 598 F.3d at 771 (emphasis added). It is therefore clear that Norwood's as-applied challenge likewise fails. Norwood's objections are **OVERRULED**.

As a final matter, this Court further concludes that, even if Norwood had raised a valid claim, any such claim is procedurally defaulted. A review of the docket demonstrates that Norwood did not pursue a direct appeal. Under the rule of procedural default, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred

from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A defendant may avoid a procedural bar only by establishing either (1) "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error," or (2) "if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 1234–35 (emphasis in original) (citations omitted). Here, Norwood did not raise his claim on direct appeal, and he has made no argument that the procedural bar does not apply. As a result, his motion must be denied as procedurally defaulted as well.

## IV.    Conclusion

The R&R [ECF 196] is **ADOPTED** as the order of the Court, and Norwood's 28 U.S.C. § 2255 motion to vacate [ECF 181] is **DENIED WITH PREJUDICE**. The Government's motion to dismiss [ECF 186] is **GRANTED**.

The Court further agrees with the R&R's conclusion that Norwood has failed to make "a substantial showing of the denial of a constitutional right," and therefore, a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). If Norwood wants appellate review of this Order, he may seek a certificate of appealability from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22. R. 11(a), R. Governing § 2255 Proceedings for the U.S. Dist. Cts.

The Clerk is **DIRECTED** to mail a copy of this Order to Norwood, and to close Civil Action No. 1:23-cv-04882-SDG.

**SO ORDERED**, this 8th day of April, 2025.

_____
Steven D. Grimberg
United States District Judge